**FITAPELLI & SCHAFFER, LLP**
Armando A. Ortiz
David J. Sack
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JAVIER VELAZQUEZ and RAMIRO TORRES, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**-against-**<br><br>**PIZZA ON STONE, LLC d/b/a ADRIENNE'S PIZZABAR, PETER POULAKAKOS, individually, NICK ANGELIS, individually, and FRANK CASANO, individually.**<br><br>**Defendants.** | **No: 1:20-cv-9087**<br><br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

Javier Velazquez and Ramiro Torres ("Plaintiffs"), individually and on behalf of all other similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover minimum wages, tip misappropriation, unlawful deductions, and other damages for Plaintiffs and their similarly situated co-workers – servers, runners, bussers, bartenders, barbacks (collectively "Front of House Workers" or "FOH Workers") and delivery workers ("Delivery Workers") (collectively, "Tipped Workers") who work or have worked at Adrienne's Pizzabar located at 54 Stone Street, New York, New York 10004 ("Adrienne's Pizzabar").

2.      Owned and operated by Pizza on Stone, LLC, Peter Poulakakos, Nick Angelis, and

1

Frank Casano, Adrienne's Pizzabar has been a New York City staple since its inception in 2004.[1]

3.      Adrienne's Pizzabar is a part of HPH Restaurant Group ("HPH"), a management group, which includes well-known New York City restaurants such as, Pier A, Oyster House at Pier A, Underdog, Harry's Italian, Harry's Café and Steak, Nicks's Pizzabar, Ulysses' Folk House, Bathtub Gin, The Dead Rabbit, Le District, The Growler, and Vintry Wine & Whiskey.

4.      According to its website, HPH, owned and operated by Defendants Peter Poulakakos and Paul Lamas, manages more than 25 restaurants and nightlife operations.[2]

5.      Adrienne's Pizzabar is known for its dine-in, take-out, and delivery services in the Financial District neighborhood of New York City. The restaurant accommodates this service by offering customers both indoor and outdoor seating for dining-in, or pickup and delivery options on its website.

6.      Despite Adrienne's Pizzabar's emphasis on being an all-encompassing restaurant service, Defendants have failed to properly compensate Tipped Workers who work or have worked for them throughout the relevant time period.

7.      At all times relevant, Defendants paid Plaintiffs and other Tipped Workers at or below the "tipped" minimum wage rate.

8.      Defendants, however, have not satisfied the strict requirements under the Fair Labor Standards Act ("FLSA") and/or the New York Labor Law ("NYLL") by which they could take a tip credit towards the hourly rates paid to Tipped Workers.

9.      In this regard, Defendants failed to provide Plaintiffs and other Tipped Workers with notification of the tipped minimum wage rate or tip credit provisions of the FLSA or the NYLL, or of their intent to apply a tip credit to Plaintiffs' and other Tipped Workers' wages.

---

[1] See Adrienne's Pizzabar, About, (*available at* https://www.adriennespizza.com/about) (last visited Oct. 15, 2020).
[2] *See* About, HPH Website, (*available at* http://hphnyc.com/) (last accessed Oct. 2020).

10.     Defendants misappropriated gratuities from Plaintiff Velazquez and other FOH Workers by requiring them to engage in a tip distribution scheme where tips were shared with employees in positions that are not entitled to tips under the FLSA and/or NYLL including, but not limited to, managers.

11.     Defendants also required Plaintiffs and other Tipped Workers to spend a substantial amount of time, 2 hours or more than 20% of their worktime, performing non-tip producing side work duties that were related to their tipped occupation, and required Plaintiffs and other Tipped Workers to perform non-tipped producing side work unrelated to their tipped occupation.

12.     In this regard, Defendants maintain a policy and practice whereby FOH Workers are required to spend a substantial amount of time performing non-tip producing side work, including, but not limited to, retrieving ice, setting up trash containers, putting down carpet runners, setting up tables with placemats, silverware, and napkins, stocking wine bottles in the 5th floor inventory room, bringing dirty dishes to the dishwasher in the basement, throwing out trash, prepping drink mixes, prepping olives with toothpicks, and refilling condiments, among other tasks.

13.     Similarly, Defendants maintain a policy and practice whereby Delivery Workers are required to spend a substantial amount of time performing non-tip producing side work, including, but not limited to, cleaning bathrooms, sweeping and mopping the kitchen floor, cleaning the basement, cleaning the bar, folding boxes, fetching supplies from storage areas, fetching vegetables for the kitchen, bringing up pizza dough, weighing and shaping dough, shredding cheese, cleaning pizza trays, cleaning and chopping vegetables, among other tasks.

14.     Defendants also required Plaintiff Torres and other Deliver Workers to pay for their own "tools of the trade," including, but not limited to: bicycles, helmets, tires, breaks, bike chains,

and other bicycle maintenance costs.

15.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former Tipped Workers who elect to opt in to this action pursuant to the FLSA, specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

16.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former Tipped Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

**Javier Velazquez**

17.     Javier Velazquez ("Velazquez") is an adult individual who is a resident of New York, New York.

18.     Velazquez was employed by Defendants as a Front of House Worker for Adrienne's Pizzabar from approximately 2014 through in or around November 2019.

19.     Velazquez is a covered employee within the meaning of the FLSA and the NYLL.

20.     A written consent form for Velazquez is being filed with this Class Action Compliant.

**Ramiro Torres**

21.     Ramiro Torres ("Torres") is an adult individual who is a resident of Queens, New York.

22.    Torres was employed by Defendants as a Delivery Worker for Adrienne's Pizzabar from approximately 2015 through in or around December 2018.

23.    Torres is a covered employee within the meaning of the FLSA and the NYLL.

24.    A written consent form for Torres is being filed with this Class Action Complaint.

**Defendants**

25.    Defendants jointly employed Plaintiffs and similarly situated Tipped Workers at all times relevant.

26.    Each Defendant had substantial control over Plaintiffs' and Tipped Workers' working conditions, and over the unlawful policies and practices alleged herein.

27.    Defendants are part of a single integrated enterprise that has jointly employed Plaintiffs and similarly situated employees at all times relevant.

28.    During all relevant times, Defendants' operations are interrelated and unified.

29.    During all relevant times, Defendants have applied the same employment policies, practices, and procedures to all Tipped Workers.

30.    During all relevant times, Defendants have controlled the labor relations of Adrienne's Pizzabar.

31.    During all relevant times, Defendants have been Plaintiffs employers within the meaning of the FLSA and NYLL.

**Pizza on Stone, LLC**

32.    Together with the other Defendants, Pizza on Stone, LLC ("Pizza on Stone") has owned and operated Adrienne's Pizzabar during the relevant time period.

33.    Pizza on Stone is a domestic limited liability company organized and existing under the laws of New York. It lists its DOS Process address as 54 Stone Street, New York, New York

10004.

34.    Pizza on Stone has done business as Adrienne's Pizzabar throughout the relevant time period.

35.    Pizza on Stone is listed as the premises name for Adrienne's Pizzabar under the New York State Liquor Authority.

36.    At all times relevant, Pizza on Stone has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.  Specifically, Pizza on Stone is listed as the corporate payor on Plaintiffs' pay stubs.

37.    Pizza on Stone applies the same employment policies, practices, and procedures to all Tipped Workers at Adrienne's Pizzabar, including policies, practices, and procedures with respect to payment of minimum wages.

38.    Upon information and belief, at all relevant times, Pizza on Stone has had an annual gross volume of sales in excess of $500,000.

**Peter Poulakakos**

39.    Upon information and belief, Peter Poulakakos ("Poulakakos") is a resident of the State of New York.

40.    At all relevant times, Poulakakos has owned and/or operated Adrienne's Pizzabar.

41.    At all relevant times, Poulakakos maintains a direct and significant management role in Adrienne's Pizzabar.

42.    At all relevant times, Poulakakos has been actively involved in managing the day to day operations of Adrienne's Pizzabar.

43.    At all relevant times, Poulakakos has had the power to stop any illegal pay practices

that harmed Plaintiffs and similarly situated employees at Adrienne's Pizzabar.

44.     At all relevant times, Poulakakos has had the power to transfer the assets and/or liabilities of Adrienne's Pizzabar.

45.     At all relevant times, Poulakakos has had the power to declare bankruptcy on behalf of Adrienne's Pizzabar.

46.     At all relevant times, Poulakakos has had the power to enter into contracts on behalf of Adrienne's Pizzabar.

47.     At all relevant times, Poulakakos has had the power to close, shut down, and/or sell Adrienne's Pizzabar.

48.     Poulakakos is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiffs and similarly situated employees.

**Nick Angelis**

49.     Upon information and belief, Nick Angelis ("Angelis") is a resident of the State of New York.

50.     At all relevant times, Angelis has owned and/or operated Adrienne's Pizzabar.

51.     Angelis admitted to being an owner, officer and/or agent of Pizza on Stone.[3]

52.     At all relevant times, Angelis maintains a direct and significant management role in Adrienne's Pizzabar.

53.     At all relevant times, Angelis has been actively involved in managing the day to day operations of Adrienne's Pizzabar.

54.     At all relevant times, Angelis has had the power to stop any illegal pay practices

---

[3] *See Moran v. Pizza on Stone, LLC*, No. 17 Civ. 07645, ECF No. 19, ¶ 23 (S.D.N.Y. Oct. 30, 2017).

that harmed Plaintiffs and similarly situated employees at Adrienne's Pizzabar.

55.    At all relevant times, Angelis has had the power to transfer the assets and/or liabilities of Adrienne's Pizzabar.

56.    At all relevant times, Angelis has had the power to declare bankruptcy on behalf of Adrienne's Pizzabar.

57.    At all relevant times, Angelis has had the power to enter into contracts on behalf of Adrienne's Pizzabar.

58.    At all relevant times, Angelis has had the power to close, shut down, and/or sell Adrienne's Pizzabar.

59.    Angelis is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiffs and similarly situated employees.

**Frank Casano**

60.    Upon information and belief, Frank Casano ("Casano") is a resident of the State of New York.

61.    At all relevant times, Casano has owned and/or operated Adrienne's Pizzabar.

62.    At all relevant times, Casano maintains a direct and significant management role in Adrienne's Pizzabar.

63.    At all relevant times, Casano has been actively involved in managing the day to day operations of Adrienne's Pizzabar.

64.    At all relevant times, Casano has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees at Adrienne's Pizzabar.

65.    At all relevant times, Casano has had the power to transfer the assets and/or

liabilities of Adrienne's Pizzabar.

66.    At all relevant times, Casano has had the power to declare bankruptcy on behalf of Adrienne's Pizzabar.

67.    At all relevant times, Casano has had the power to enter into contracts on behalf of Adrienne's Pizzabar.

68.    At all relevant times, Casano has had the power to close, shut down, and/or sell Adrienne's Pizzabar.

69.    Casano is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

70.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

71.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

72.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

73.    Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of:

(a) All current and former FOH Workers employed at Adrienne's Pizzabar in New York between October 29, 2017 and the date of final judgment in this matter, who elect to opt-in to this action; and

(b) All current and former Delivery Workers employed at Adrienne's Pizzabar in New York between October 29, 2017 and the date of final judgment in this matter, who elect to opt-in to this action (together, the "FLSA Collective")

74.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective for their minimum wages owed.

75.     Consistent with Defendants' policies, patterns, or practices, Plaintiffs and the FLSA Collective were not paid the proper minimum wages for all hours worked.

76.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

77.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiffs and the FLSA Collective, the minimum wages for all hours they have worked.

## CLASS ACTION ALLEGATIONS

78.     Plaintiffs bring the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and two classes of persons consisting of:

(a) All persons who work of have worked as FOH Workers at Adrienne's Pizzabar between March 20, 2014 and the date of the final judgment in this matter (the "FOH Class"); and

(b) All persons who work of have worked as Delivery Workers at Adrienne's Pizzabar between March 20, 2014 and the date of the final judgment in this matter (the "Delivery Worker Class")

Together, the FOH Class and Delivery Worker Class shall be referred to as the "Rule 23 Classes" or "Rule 23 Class Member(s)." [4]

79.    The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

80.    There are more than fifty members of the Rule 23 Classes.

81.    Plaintiffs' claims are typical of those claims that could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

82.    Plaintiffs and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.  Defendants' corporate-wide policies and practices affected all Rule 23 Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class Members.

83.    Plaintiffs are able to fairly and adequately protect the interests of the Rule 23 Class Members and have no interests antagonistic to the Rule 23 Class Members.

84.    Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

85.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated

---

[4] The NYLL statute of limitations has been tolled since March 20, 2020 pursuant to Executive Order 202.8 and its subsequent extensions due to the ongoing COVID-19 pandemic.

persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

86.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class Members individually and include, but are not limited to, the following:

(a) whether Defendants unlawfully applied a tip credit to the hourly wages paid to Plaintiffs and the Rule 23 Classes;

(b) whether Defendants failed to pay Plaintiffs and the Rule 23 Classes minimum wages for all of the hours they worked;

(c) whether Defendants required Plaintiffs and the Rule 23 Classes to spend more than 20% and/or 2 hours, whichever is less, of their time performing non-tipped side work duties;

(d) whether Defendants misappropriated tips from Plaintiffs and the FOH Class by distributing tips paid by customers to tip-ineligible positions, such as managers;

(e) Whether Defendants applied unlawful deductions against the wages of Plaintiffs and the Delivery Worker Class;

(f) Whether Defendants failed to furnish Plaintiffs and the Rule 23 Classes with a proper time of hire wage notice, as required by the NYLL; and

(g) whether Defendants failed to furnish Plaintiffs and the Rule 23 Classes with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFFS' FACTUAL ALLEGATIONS

87.    Consistent with their policies and patterns or practices as described herein,
Defendants harmed Plaintiffs, individually, as follows:

**Javier Velazquez**

88.    During his employment, Velazquez generally has worked the following scheduled
hours, unless he missed time for vacation, sick days, or holidays, or obtained additional shifts:

(a)  Three to five days per week from approximately 11:00 a.m.

to 4:00 p.m., for an average of 15 to 25 hours per week.

89.    Throughout Velazquez's employment, Defendants applied a tip credit towards the
minimum wage paid to Velazquez for work performed as a FOH Worker.

90.    Defendants failed to properly notify Velazquez in writing of the tip credit
provisions of the NYLL, or of their intent to apply a tip credit to his wages.

91.    Defendants instituted a mandatory tip sharing arrangement at Adrienne's Pizzabar
that allocated a portion of Velazquez's tips to employees who are in positions that are not entitled
to tips under the FLSA and/or the NYLL, including, but not limited to, managers.

92.    In this regard, managers at Adrienne's Pizzabar (1) create schedules, (2) write
letters of recommendation, (3) have authority to hire and fire employees, (4) have authority to
discipline employees.

93.    Defendants suffered or permitted Velazquez to performing non-tip producing side
work for more than 20 percent of his worktime and/or two hours. These duties included, but were
not limited to: (1) retrieving ice, (2) setting up trash containers, (3) putting down carpet runners,
(4) setting up tables with placemats, silverware, and napkins, (5) stocking wine bottles in the 5th
floor inventory room, (6) bringing dirty dishes to the dishwasher in the basement, (7) throwing out

trash, (8) prepping drink mixes, (9) prepping olives with toothpicks, and (10) refilling condiments.

94.    As a result of the above, Defendants did not satisfy the requirements under the FLSA and NYLL by which they could apply a tip credit to the hourly rates paid to Velazquez, and Defendants failed to compensate him at the proper minimum wage rate.

95.    At all times relevant, Velazquez was entitled to receive the full statutory minimum wage rate for the first 40 hours of work each workweek.

96.    Defendants failed to furnish Velazquez with proper annual wage notices, as required by the NYLL.

97.    Defendants failed to furnish Velazquez with accurate statements of wages with each payment of wages as required by the NYLL for parts of his employment.

**Ramiro Torres**

98.    During his employment, Torres has worked the following scheduled hours, unless he missed time for vacation, sick days, or holidays, or obtained additional shifts:

> (a) From approximately 2015 through 2017, three days per week from approximately 5:00 p.m. to 9:30 p.m.

> (b) Beginning in 2018 through the end of his employment, three days per week from approximately 6:00 p.m. to 9:00 – 10:00 p.m.

99.    Throughout Torres' employment, Defendants applied a tip credit towards the minimum wage paid to Torres for work performed as a Delivery Worker.

100.    Defendants failed to properly notify Torres in writing of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to his wages.

101.    Defendants suffered or permitted Velazquez to performing non-tip producing side work for more than 20 percent of his worktime and/or two hours. These duties included, but were

not limited to: (1) cleaning bathrooms, (2) sweeping and mopping the kitchen floor, (3) cleaning the basement, (4) cleaning the bar, (5) folding boxes, (6) bringing down supplies from storage areas, (7) fetching vegetables for the kitchen, (8) fetching pizza dough for the kitchen, and (9) cleaning and chopping vegetables.

102.   As a result of the above, Defendants did not satisfy the requirements under the FLSA and NYLL by which they could apply a tip credit to the hourly rates paid to Torres, and Defendants failed to compensate him at the proper minimum wage rate.

103.   At all times relevant, Torres was entitled to receive the full statutory minimum wage rate for the first 40 hours of work each workweek.

104.   Defendants made unlawful deductions from Torres' wages in that Defendants required Torres to pay the cost and expenses for purchasing and maintaining equipment (i.e. – bicycles) required to perform his job.

105.   Defendants failed to furnish Torres with proper annual wage notices, as required by the NYLL.

106.   Defendants failed to furnish Torres with accurate statements of wages with each payment of wages as required by the NYLL for parts of his employment.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

107.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

108.   At all times relevant, Plaintiffs and the FLSA Collective were or have been employees, and Defendants were or have been employers of Plaintiffs and the FLSA Collective, within the meaning of 29 U.S.C §§ 201 *et seq.*

109.    At all times relevant, Defendants have been employers of Plaintiffs and the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

110.    Defendants have not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants distributed a portion of their tips to employees who are not eligible to receive tips, specifically, managers.

111.    Defendants also required Plaintiffs and the FLSA Collective to perform duties unrelated to their tip-producing work. During these periods, Defendants compensated Plaintiffs and the FLSA Collective at the tipped minimum wage rate rather than the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 *et seq.*

112.    Defendants also required Plaintiffs and the FLSA Collective to perform a substantial amount of non-tipped "side work" in excess of 20 percent of their work time. During these periods, Defendants compensated Plaintiffs and the FLSA Collective at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 *et seq.*

113.    Defendants also required Plaintiffs and the FLSA Collective to bear the costs of acquiring and maintaining tools of the trade, including, but not limited to, the costs of purchasing and maintaining bicycles. The cost of these tools reduced Plaintiffs' and the FLSA Collectives' wages below the applicable minimum wage.

114.    As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Minimum Wages
### (Brought on behalf of Plaintiffs and the Rule 23 Classes)

115.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

116.    At all times relevant, Plaintiffs and the Rule 23 Classes have been employees of Defendants, and Defendants have been employers of Plaintiffs and the Rule 23 Classes within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

117.    Defendants have failed to pay Plaintiffs and the Rule 23 Classes the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

118.    Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiffs and the members of the Rule 23 Classes the full minimum wage at a rate of (a) $8.00 per hour for all hours worked from December 31, 2013 through December 30, 2014; (b) $8.75 per hour for all hours worked from December 31, 2014 through December 30, 2015; (c) $9.00 per hour for all hours worked from December 31, 2015 through December 30, 2016; (d) $11.00 per hour for all hours worked from December 31, 2016 through December 30, 2017; (e) $13.00 per hour for all hours worked from December 31, 2017 through December 30, 2018; and (f) $15.00 per hour for all hours worked from December 31, 2018 through the present.

119.    Defendants have failed to notify Plaintiffs and the Rule 23 Classes of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.

120.    Defendants required Plaintiffs and the FOH Class to share tips with tip-ineligible employees.

121.    Defendants also required Plaintiffs and the Rule 23 Classes to spend a substantial amount of time, 2 hours or more than 20% of their work time, performing non-tip producing side work duties that were related to their tipped occupation, and required Plaintiffs and the Rule 23 Classes to perform non-tip producing side work unrelated to their tipped occupation.

122.    As a result, Plaintiffs and the Rule 23 Classes have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

123.    Due to Defendants' violations of the NYLL, Plaintiffs and the Rule 23 Classes are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**New York Labor Law – Tip Misappropriation**
**(Brought on behalf of Plaintiff Velazquez and the FOH Class)**

124.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

125.    Defendants have unlawfully demanded or accepted, directly or indirectly, part of the gratuities and/or service charges received by Plaintiffs and the FOH Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Regulations.

126.    Defendants unlawfully required Plaintiffs and the FOH Class to share the gratuities they received with non-tip eligible employees in violation of NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Relations.

127.    Due to Defendants' violations of the NYLL, Plaintiffs and the FOH Class are

entitled to recover from Defendants their value of the misappropriated gratuities as provided for by the NYLL, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Unlawful Deductions from Wages**
**(Brought on behalf of Plaintiff Torres and the Delivery Worker Class)**

128.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

129.    Defendants made unlawful deductions from the wages of Plaintiffs and the Delivery Worker Class.  These deductions included, but were not limited to, the costs of purchasing and maintaining bicycles required by Plaintiffs and the Delivery Worker Class to make deliveries.

130.    The deductions made from the wages of Plaintiffs and the Delivery Worker Class were not expressly authorized in writing by Plaintiffs and the Delivery Worker Class and were not for the benefit of Plaintiffs and the Delivery Worker Class.

131.    Due to Defendants' violations of the NYLL, Plaintiffs and the Delivery Worker Class are entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Proper Annual Wage Notices**
**(Brought on behalf of Plaintiffs and the Rule 23 Classes)**

132.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

133.    Defendants have failed to supply Plaintiffs and the Rule 23 Classes with a proper time of hire annual wage notice, as required by NYLL, Article 6, § 195(1), in English or in the

19

language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

134.    Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiffs and the Rule 23 Classes are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

**SEVENTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiffs and the Rule 23 Classes)**

135.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

136.    Defendants failed to supply Plaintiffs and the Rule 23 Classes with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable;

deductions; and net wages.

137.    Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiffs and the Rule 23 Classes are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars, and reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notices, to all Tipped Workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Adrienne's Pizzabar. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid minimum wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.    Designation of Plaintiffs Javier Velazquez and Ramiro Torres as representatives of the Rule 23 Classes and counsel of record as Class Counsel;

E.    Unpaid minimum wages, misappropriated tips, unlawful deductions, and other unpaid wages, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.    Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Rule 23 Classes with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

G.    Statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs and the Rule 23 Classes with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

H.    Prejudgment and post-judgment interest;

I.    Reasonable attorneys' fees and costs of the action; and

J.    Such other relief as this Court shall deem just and proper.


Dated: New York, New York
October 29, 2020

Respectfully submitted,


/s/ Armando A. Ortiz
Armando A. Ortiz

**FITAPELLI & SCHAFFER, LLP**
Armando A. Ortiz
David J. Sack
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and*
*the Putative Class*

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1.      Doy mi consentimiento para ser parte demandante en una demanda contra Adrienne's Pizza Bar y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2.      Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.

_Javier Velazquez_____

Firma (Signature)

_Javier_____

Nombre legal completo (Imprenta) (Full Legal Name (Print))

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1.      Doy mi consentimiento para ser parte demandante en una demanda contra Adrienne's Pizza Bar y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2.      Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.

_____
Firma (Signature)


_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))